EDNA LAUGHRIDGE, JOHN LAIL, ERNEST LAIL, PAULINE ZIMMERMAN, ELLIS ZIMMERMAN, CLAUDE ZIMMERMAN, the Last Four by Their Duly Appointed Next Friend, J. H. LAUGHRIDGE, v. VIRGINIA-CAROLINA JOINT STOCK LAND BANK, INC., JULIUS INGLE, BUTLER GILES, JOHN STROUPE and MATTIE FOGLE, Administratrix of W. F. FOGLE, Deceased.

(Filed 9 April, 1941.)

**1. Election of Remedies § 6: Partition § 10—**

Where, after sale for partition, the tenants in common who failed to receive their *pro rata* part of the sale price of the lands, elect to ratify the sale and sue for their *pro rata* share of the sale price, such election eliminates all question of title and the validity of the partition proceedings.

**2. Partition § 10: Mortgages § 17—Where purchaser at partition sale borrows purchase price under deed of trust, cestui is not under duty to see to proper application of proceeds of loan.**

Minor tenants in common, who failed to receive their *pro rata* part of the proceeds of the partition sale, elected to ratify the sale and sought to recover the amount due them from the sale price. It appeared that the purchaser at the partition sale, who was one of the tenants in common, borrowed the purchase price and secured the loan by a deed of trust on the property. After default the deed of trust was foreclosed, but the purchaser at the foreclosure sale was not made a party to the action. There was no evidence that the *cestui* had any connection with the partition proceeding, which was practically completed before the loan was made, nor that the loan was ever repaid, nor that the *cestui* had any notice that the proceeds of the partition sale had not, or would not be properly distributed. *Held:* The evidence does not sustain the finding of the lower court that the *cestui* was the purchaser of the *locus in quo,* and judgment that the *cestui* is liable to plaintiffs for their *pro rata* part of the proceeds of the partition sale is reversed.

**3. Appeal and Error § 37e—**

Where the court's findings of fact are not supported by the evidence, the findings are not conclusive and the judgment based on such findings is erroneous.

LAUGHRIDGE *v.* LAND BANK.

APPEAL by defendant Virginia-Carolina Joint Stock Land Bank from *Phillips, J.,* at September Term, 1940, of BURKE.

*Mull & Patton for plaintiffs, appellees.*
*Worth & Horner for defendant Virginia-Carolina Joint Stock Land Bank, appellant.*

SCHENCK, J.    This is an action to recover the *pro rata* share of the plaintiffs in the amount contracted to be paid for a tract of land of 66.34 acres, in Icard Township, Burke County, North Carolina.

Upon motion of the plaintiffs the cause was referred to C. E. Cowan, Esquire.

The referee found as facts that the plaintiffs were formerly tenants in common and owners of two one-sixth interests in the *locus in quo;* that in a special proceeding, in which the petitioners were the adult tenants in common and the plaintiffs herein (who were minors) were the respondents, the *locus in quo* was ordered sold for partition, that John C. Stroupe was appointed commissioner to make the sale, that Butler Giles was clerk of the Superior Court and appointed Stroupe commissioner and made the order of sale which was confirmed by the judge of the Superior Court; that M. B. (Benjamin) Zimmerman, who was one of the petitioners, became the purchaser of the land and deed therefor was made and delivered to him by Stroupe, as commissioner, and said deed was duly recorded in Burke County; that M. B. Zimmerman borrowed from the Virginia-Carolina Joint Stock Land Bank the sum of $1,000.00 with which to pay a portion of the $1,200.00 which he had agreed to pay for the *locus in quo,* and that to secure said loan from said bank the said M. B. Zimmerman executed a deed of trust for $1,000.00 upon said land; that a cheque for $1,000.00 was executed by said bank payable to R. H. Shuford, attorney, Benjamin Zimmerman and Mary Zimmerman, borrowers, and that after endorsement of said cheque by the payees it was turned over to W. F. Fogle, who had been constituted by M. B. Zimmerman his agent to negotiate a loan and purchase for him the outstanding interests in the *locus in quo;* that W. F. Fogle did not pay to Stroupe, commissioner, nor to Giles, clerk of the Superior Court, the *pro rata* share of the agreed purchase price of the infant tenants in common, the respondents in the special proceeding (and plaintiffs in this action); that said infants have not received any of said agreed purchase price; that said M. B. Zimmerman defaulted in the payment of his loan from the Virginia-Carolina Joint Stock Land Bank and the deed of trust given by him was foreclosed and Julius Ingle became the purchaser of the *locus in quo* at the foreclosure sale; that Julius Ingle was never served with process and is therefore not a party hereto; that W. F. Fogle

is dead and Mattie Fogle, his administratrix, is a party defendant; and the referee further found, *inter alia,* the following:

"18. That it is found that the Virginia-Carolina Joint Stock Land Bank had no notice at the time of making the loan to Benjamin (M. B.) Zimmerman and taking a deed of trust on the land as security for the loan, that any fraud had been, or would be practiced upon the plaintiffs, or that the plaintiffs had not or would not receive the purchase money for their interest in said tract of land from the Commissioner."

The referee concluded as a matter of law and suggested that judgment be entered that the plaintiffs recover of John C. Stroupe, commissioner, and of the estate of W. F. Fogle, and that the action be dismissed as to the other defendants. To these conclusions and suggestion of judgment the plaintiffs preserved exception and appealed to the judge of the Superior Court.

The judge of the Superior Court vacated the findings of fact and conclusions of law of the referee as they related to the defendant Virginia-Carolina Joint Stock Land Bank, and found and adjudged that said land bank was a purchaser of the *locus in quo,* that the special proceeding did not convey title, and that the land bank bought the *locus in quo* with notice of the defect in the title and was, therefore, liable for the amount sued for. From these findings and adjudication the defendant Virginia-Carolina Joint Stock Land Bank appealed to the Supreme Court, assigning errors.

The plaintiffs in the original complaint sued to recover their *pro rata* share of the agreed purchase price for the land, and also an interest in the land itself, but subsequently elected to ratify the sale and to seek to recover only a share of the fund. This eliminated from the litigation all questions relative to title, including those presented in the special proceeding.

There was no evidence to sustain the finding that the Virginia-Carolina Joint Stock Land Bank was a purchaser of the *locus in quo.* The only connection which the bank had with M. B. Zimmerman was that it loaned to him $1,000.00 which was secured by a deed of trust on the land sold to him in the special proceeding for partition. M. B. Zimmerman, as a witness for the plaintiffs, testified that he got the proceeds of the loan and identified the cheque by which it was paid, that he made default in the payment of the loan and the land was sold by the trustee and was bought by Julius Ingle.

There is no evidence that the Virginia-Carolina Joint Stock Land Bank had any connection with the special proceeding, which was practically completed before the loan was made by said bank to M. B. Zimmerman, nor is there any evidence in the record that said land bank ever got back the amount of its loan.

MORTGAGE CO. *v.* ZION·CHURCH.

We are of the opinion, and so hold, that any findings of fact which support the conclusion of law of the judge of the Superior Court that the Virginia-Carolina Joint Stock Land Bank was liable to the plaintiffs for the amount sued for are not supported by evidence, and that the court therefore erred in adjudging that said bank was so liable.

The judgment of the Superior Court in so far as it adjudges any liability to the plaintiffs on the part of the defendant Virginia-Carolina Joint Stock Land Bank, the appellant, is

Reversed.